IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR S-07-0229 KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINAL JURY INSTRUCTIONS** |
| | ) | |
| DONALD C. MANN, and | ) | |
| RONALD GROVES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions has been added to your binders that you will be able to take with you when you retire to deliberate.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence admitted in court, and the law, and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The defendants are charged with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up or participated in a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, that the defendant used, or caused to be use, wire, radio or television communication in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

A defendant causes a wire communication to be used when he knows such a communication will be employed in the ordinary course of business or when he can reasonably foresee such use.  It does not matter whether the communication was itself false or deceptive so long as the communication was used as an important part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 3

An intent to defraud is an intent to deceive or cheat.  A statement or representation is false or fraudulent, if known to be untrue, or made with reckless indifference as to its truth or falsity, and made or caused to be made with the intent to deceive.

INSTRUCTION NO. 4

A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved.  The deception need not be premised upon words or statements standing alone.  The arrangement of the words or the circumstances in which they are used may create an appearance which is false or deceptive, even if the words themselves fall short of this.  Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive. Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.

INSTRUCTION NO. 5

Each member of a scheme to defraud is responsible for other members' actions during the course of and in furtherance of the scheme.

If you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what other members said or did to carry out the scheme, even if the defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by another member in furtherance of the scheme, the offense must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. 6

The government is not required to prove that the defendant intended to cause loss to a victim.  Rather, the government is only required to prove that the victim was induced to part with money or property as a result of false statements or promises.

INSTRUCTION NO. 7

If you find that a defendant in good faith believed that the representations which were being made by himself were true, the necessary intent did not exist and the defendant must be acquitted.

A defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

INSTRUCTION NO. 8

The charges are not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.

INSTRUCTION NO. 9

During trial, you may have observed that Messrs. Groves and Mann were subject to custodial supervision.  Custodial supervision status is not evidence.  You should not draw any conclusions from this supervision with respect to either defendant's guilt or innocence.  As noted, defendants are innocent unless and until proven guilty beyond a reasonable doubt.

INSTRUCTION NO. 10

Because of the presumption of innocence, a defendant does not have to prove innocence.  The burden of proof is always on the government and never shifts to the defendant.

The burden on the government is to prove every element of the charges beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  However, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

If you believe that the evidence reasonably permits two conclusions – that the defendant is guilty, or that the defendant is not guilty – you must find the defendant not guilty.

INSTRUCTION NO. 11

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that defendant Mann did not testify.

INSTRUCTION NO. 12

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received into evidence; and

(3) any facts to which the parties have agreed.

INSTRUCTION NO. 13

　　Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the supporting testimony or admitted evidence.  You should, therefore, give them only such weight as you think they deserve.

INSTRUCTION NO. 14

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

    1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

    3.  Anything you may have seen or heard when the court was not in session or that was not part of the court proceedings is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 15

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 16

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the witness's opportunity and ability to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.  You are here only to determine whether the defendants are guilty or not guilty of the charges against them. The defendants are not on trial for any conduct or offense not charged.

INSTRUCTION NO. 17

A separate crime is charged against one or more of the defendants in each count on which the government has proceeded.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

INSTRUCTION NO. 18

You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for his opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 19

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 20

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must continue to not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.

If you are exposed, or you become aware that any other juror is exposed, to any outside information, please notify the court immediately.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – again, that is entirely for you to decide.

INSTRUCTION NO. 21

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 22

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

INSTRUCTION NO. 23

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it and place it in a sealed envelope.  You should then advise the clerk in a separate note that you are ready to return to the courtroom.

INSTRUCTION NO. 24

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me-- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of each defendant, until after you have reached a unanimous verdict or have been discharged.